AMOS SLAYMAKER, administrator of JOHN BOYD, deceased, *against* JOHN WILSON.

IN ERROR.

A witness is incompetent to prove a signature, without proof of having seen the person write, or of other circumstances to show knowledge of the hand-writing which he is called to prove.

It is not enough, without such preliminary proof, that the witness swears that the signature offered, is the signature of the person whose it purports to be.

The redemption of a pawn is not affected by the statute of limitations, which runs only from the conversion of the thing pawned. But a simple contract debt is not protected from the statute, because accompanied with a pledge as a collateral security.

WRIT of error to the District Court for the city and county of Lancaster.

In that court it was an action of debt brought on the 22d day of January, 1821, by the defendant in error who was plaintiff below, against the plaintiff in error who was defendant below, upon the following paper:

"Friend *John Wilson*, I was at your house this-day to see if you could let me have one hundred and fifty-four dollars, I owe it to *Thomas Coates*, he will call to-morrow. I have left the deed, and if you pay him the money, get him to sign the receipt in the deed, this from yours, --

"May 3d. 1798."                    "*John Boyd.*"

The defendant pleaded *nil debit, non assumpsit*, payment with leave, &c. and the statute of limitations; upon which the plaintiff took issue.

Upon the trial of the cause, the plaintiff gave in evidence the order of the 3d of May, 1798, on which he founded his suit, and offered a deed, dated the 29th day of April, 1794, acknowledged on the 31st July, 1797, from *Thomas Coates* to *John Boyd*, for a moiety of a tract of land in Leacock township, Lancaster county, together with the receipt for the purchase money on the deed, with proof that the subscribing witness to the receipt, *William Jones*, was dead, and the deposition of his daughter, *Elizabeth M‘Graw*, in which she deposed, "that the signature of *William Jones*, signed, as a witness, to the receipt for the money, on a deed from *Thomas Coates*, to *John Boyd*, is the hand-writing of *William Jones*, the father of this deponent."

To this testimony so offered, the defendant objected, but the court overruled the objection, admitted the evidence, and sealed a bill of exception.

(Amos Slaymaker, administrator of John Boyd, deceased, *v.* John Wilson.)

By the evidence, it appeared that the parties lived no great distance from each other, in the county of Lancaster; that the plaintiff brought three suits against the defendant's intestate, *John Boyd,* to August term, 1810. Two on bonds, each for the payment of five hundred dollars; another on a single bill, for the payment of one hundred pounds; and another on a book account for money lent, amounting to two hundred and two dollars, all dated after 1800. On the two first of these cases, no judgment was obtained, but the money had been paid, and on the last, judgment was had for four hundred and twenty-four dollars and sixty cents, which had since been paid.

The court below, in answer to points put, charged the jury that —"the order in this case contains a request that *Wilson,* if he lent the money, should procure the signature of *Coates,* to the receipt on the deed. It appears by the paper that the deed was left for that purpose. If there was no fact in the case on this subject, out of this paper, it would be the duty of the court to give it in charge to you, what the legal construction of the paper is. But this deed, from *Coates to Boyd,* is produced on the trial of the cause by the plaintiff. If the jury should be of opinion, that the deed is the one spoken of in the order, and that from the terms of the order and the fact, if they believe it to be so, that the deed has ever since been in the possession of the plaintiff, and the deed was left as a pledge to secure the payment of the money, the act of limitations does not apply to this case; but if the jury should be of opinion that the deed in evidence is not the deed from *Coates,* mentioned in the order, or that it was not pledged as a security for the payment of the money, the act of limitations will bar the plaintiff, and he cannot recover."

The court also charged the jury, that if the delay of the plaintiff, in bringing suit, had not been satisfactorily accounted for, it was the duty of the jury to infer from that, and other circumstances, in the case, the payment of the money claimed.

Error was here assigned in admitting the deposition of *Elizabeth M'Graw,* and in the charge of the court.

*Evans,* for the plaintiff in error. Argued, that the deposition was improperly received. That no person is a competent witness to prove a signature, or hand-writing, but one who has seen the person write, whose hand he is called on to prove, and before such witness is permitted to give evidence, he must disclose, as a preliminary, his means of knowing the hand-writing. Here the witness was received to testify, that the signature was her father's, without any evidence that she had any knowledge of his hand-writing.

2. The statute of limitations is a bar. The attempt is to avoid the statute by the allegation that the money was loaned on a pawn or pledge. The order contains no evidence that the deed was pawned, it is a simple request to loan money; and the possession of

(Amos Slaymaker, administrator of John Boyd, deceased, *v.* John Wilson.)

the deed does not of itself prove a pawn. But if the plaintiff allege a pawn, he could not recover, for he must return, or offer to return a pawn, before he can bring suit to recover money, for which it is pledged. 1 *Bacon Ab.* 370. *Garlick* v. *James,* 12 *John. Rep.* 146.

But the issue was joined, as to the statute of limitations, on the replication that the defendant did assume within six years. There was no proof of such assumption, and it is not competent, under *this issue,* to rely on the alleged pawn to avoid the statute. To give that effect, if entitled to any, it should have been specially pleaded. *Wherup* v. *Hill,* 9 *Serg. & Rawle,* 11. *Wister* v. *Gray,* 5 *Bin.* 573. *Eckert* v. *Wilson,* 12 *Serg. & Rawle,* 393. *Bailey* v. *Bailey,* 14 *Serg. & Rawle,* 195.

*Hopkins,* for defendant in error, as to the bill of exception, argued, that where a witness called to prove hand-writing, swears to *belief,* he must state his grounds of belief, and knowledge: but where the witness, as here, swears to the actual fact, that the hand-writing is the writing of an individual, it is better evidence, than evidence of belief, founded on antecedent means of knowledge of hand-writing.

2. The question of pawn, being one of fact, was properly left to the jury.

The statute of limitations is inapplicable to the case of a pawn. The deed could not have been recovered without payment of the money for which it was pledged. And as the deed could not be recovered without payment of the money, so as long as the deed is retained, the money can be recovered: and no period will destroy this mutual obligation in the case of a pawn.

The pawnor has his life-time to redeem, and if not hastened by a request, his executor or administrator may redeem. *Cortelyou* v *Antill,* 2 *Caines C. in Error,* 199. In reason, the rule should be reciprocal, the pawnor having his life-time to redeem, the pawnee should not be barred by the statute for the money advanced on the pawn. No power short of redemption, or a tender, can bring time to operate. *Kemp* v. *Westbrook,* 1 *Vesey,* 278. 1 *Bacon Ab.* 372 *a.*

Trover for the pawn will not lie *without* payment, or tender. No precise words are necessary to create a pawn. 1 *Bacon Ab.* 370.

The replication to the plea of the statute is not before the court. The court below did not refer to the pleadings. But on this replication it is full evidence to prove, that the defendant assented to the continuance of the pawn in the possession of the pawnee.

Besides, the plea of the statute was a nugatory plea. The plaintiff must show a right to recover, independant of the statute, and the issue upon it cannot divert the investigation from the merits. The objection now urged, is to the pleadings, and should have been made on the trial. *Thompson* v. *Cross,* 16 *Serg. & Rawle,* 350.

(Amos Slaymaker, administrator of John Boyd, deceased, *v.* John Wilson.)

*Norris,* for the plaintiff in error, in reply.   The suit is for money loaned, simply, that is the cause of action to which the plaintiff is confined.   Yet notwithstanding he seeks to recover a debt upon a pawn.   He must be confined to the issue on the statute of limitations, and cannot travel out of it.   If he relied on special matter in avoidance of the statute, he must set it out in his replication.   *Whereup* v. *Hill,* 9 *Serg. & Rawle,* 11.   There is no evidence of a pawn, nor is it like an indefinite deposite.   The order itself shows it was left to get the signature of Mr. *Coates* to the receipt.   Independent of the statute, the lapse of more than twenty years, created an insuperable presumption of payment.

The opinion of the court was delivered by

GIBSON, C. J.—Without proof of having seen her father write, or other circumstances to shew her knowledge, Mrs. *M'Graw* was incompetent to prove his signature; and her deposition ought to have been rejected.

The redemption of a pawn is not affected by the statute of limitations, which runs only from the conversion of the thing pawned; and trover may, consequently, be brought within six years from that time.   The present, however, is not an action by the owner in affirmance of the contract of bailment, but by the pawnee to recover a simple contract debt, which is certainly not the more protected from the statute because accompanied with a pledge, as a collateral security; nor is it, on that account, the less subject to the mischief against which the statute was intended to guard.   Had the matter been stirred before those who knew the circumstances had passed away, it is highly probable, that the transaction would have been explained so as to shew that nothing is due.   Certainly the delay of twenty-three years, unaccounted for, raises an omnipotent presumption.   But was the deed deposited, in fact, as a security?   Nothing in the order on which the money was paid, indicates such a conclusion; and it seems to me the court ought so to have instructed the jury.   But it is said that the construction being affected by a circumstance *dehors* the order; the production of the deed was for the jury.   I am at a loss to see what operation that could have.   The deed was in the plaintiff's possession for some purpose; but whether as a pledge, or for the purpose indicated in the order, could not appear by the naked production of it.   I presume the argument is, that the owner would have demanded it in a convenient time, had he not been conscious that it was held as a security.   This is the first instance in which delay has been set up to strengthen a plaintiff's case.   On the other hand, there is an infinitely stronger presumption that the plaintiff would have exacted the interest, if not the principal, if any thing were due.   But in any event, the statute of limitations furnishes a bar to the action.                         Judgment reversed.