GOOD FRIENDS. The (UNITED STATES v.). See Case No. 15,227.

---

## Case No. 5,538.

GOODHUE et al. v. BARTLETT.

[5 McLean, 186.] [1]

Circuit Court, D. Ohio. Oct. Term, 1850.

EVIDENCE AS TO HANDWRITING—SOURCE OF WITNESS' KNOWLEDGE — DEPOSITION — TESTIMONY BEYOND PERSONAL KNOWLEDGE OF WITNESS.

1. Where a witness swears positively to the handwriting of an individual, it is sufficient. The question as to the source of his knowledge must come from the other party.

2. If a deposition be taken under the act of congress, in the absence of the party, he should take the deposition again, if not satisfied with the examination.

3. Where a witness swore to certain items charged, of which he had no personal knowledge, his statement was overruled.

At law.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

Mr. Stanbery, for plaintiffs.
Ewing & Thurman, for defendant.

OPINION OF THE COURT. This is an action of assumpsit. The plaintiffs being commission merchants in New York, the defendant, having consigned to them a large amount of pork, drew several drafts upon them, all of which were accepted and paid. On the final adjustment of the account, there appeared to be a balance due to the plaintiffs of twenty-eight hundred dollars. To recover this balance this action was brought. A great number of drafts were produced in evidence, purporting to have been drawn by [Moses R.] Bartlett and paid by plaintiffs, which were charged in the accounts. Robert Hewett, a witness, was sworn, who stated he was book-keeper of the firm, and he swears that the accounts of sales of provisions shipped by Bartlett to the plaintiffs, to be sold on commission, is an accurate account as recorded in the books of the company; and also of the charges and disbursements which were all actually paid; and also that the charges of interest and commissions were the customary charges, &c. The drafts referred to were drawn by M. R. Bartlett, one by Joseph Neville in favor of said Bartlett; and are produced by witness, and are stated in the accounts from the letter H. to W. The handwriting of Bartlett was admitted on all the drafts, except the one drawn by Neville. To prove the signature of Bartlett on that draft, the deposition of Hewett was taken, who swore that the draft was indorsed by Bartlett.

The defendant objected to this deposition, because the witness does not say that he was acquainted with the handwriting of Bartlett, or had ever seen him write. But THE COURT overruled the objection, observing, that the source of the knowledge is proper to be inquired into, but when he swears to the fact, it must be received as competent. The other side may examine whether he has ever seen the party write, or has corresponded with him, &c., but this is not necessary to be inquired into by the person taking the deposition. In Slaymaker v. Wilson, 1 Pen. & W. 216, "the deposition of a witness who swore positively to her father's hand, was rejected, because she did not say how she knew it to be his hand." But in Moody v. Powall, 17 Pick. 490, such evidence was (Mr. Greenleaf, in his Evidence, vol. 1, p. 612, note 1) "very properly held sufficient, on the ground that it was for the other party to explore the sources of the deponent's knowledge, if he was not satisfied that it was sufficient." It is no answer to this, that the party who objects to the deposition was not present when it was taken. If the deposition were taken under the act of congress, without notice, the defendant might have taken it again. That part of the statement of the witness which relates to charges in the books, of which he had no personal knowledge, is overruled.

The property was shipped by the way of New Orleans, and the commission merchants, at that place, drew on the plaintiffs for warehouse charges, which drafts were paid. These charges were the same in amount as usual in such cases. This evidence was objected to, unless the drafts were produced, the charges were examined and entered in the book. THE COURT overruled the objection and admitted the evidence. The jury found the balance for the plaintiffs. Judgment.